IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ILENE P. KING,

    Plaintiff,

  v.

CIGNA CORPORATION, et al.,

    Defendants.
                                         /

No. C 06-7025 CW

ORDER GRANTING PLAINTIFF'S MOTION FOR RECOVERY OF ATTORNEYS' FEES

Plaintiff Ilene P. King moves to recover attorneys' fees incurred in prosecuting this action. Defendants Connecticut General Life Insurance Company and Alltel Telephone Services Long Term Disability Plan oppose Plaintiff's motion.[1] The matter was taken under submission on the papers. After considering all of the papers filed by the parties, the Court grants Plaintiff's motion, but awards her less than the total amount of fees sought.

BACKGROUND

Plaintiff brought this action under the Employee Retirement Income Security Act (ERISA) challenging Defendants' denial of her long-term disability benefits. In an order dated August 7, 2007,

---

[1] In this order, all references to "Defendants" apply to these two Defendants only.

the Court granted judgment in favor of Plaintiff on her claim for benefits. However, it denied Plaintiff's claims for breach of fiduciary duty and statutory penalties. It also dismissed all claims against CIGNA Corporation, which is neither Plaintiff's disability plan nor her plan's sponsor, fiduciary, or administrator.

Plaintiff now seeks recovery of attorneys' fees in the amount of $106,071.25 against Defendants. In support of this request, Plaintiff submits the declaration of her attorney, Julian M. Baum, detailing the hours he and other attorneys spent on the case, and providing information to support Plaintiff's contention that these attorneys' hourly rates are reasonable.

## DISCUSSION

I. Timeliness of Plaintiff's Motion

As a threshold matter, Defendants argue that Plaintiff's motion should be denied because it was filed untimely. Pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, a motion for attorneys' fees must be filed "no later than 14 days after entry of judgment," unless otherwise provided by statute or court order. Judgment in this case was entered on August 24, 2007, and directed Plaintiff to file her motion for attorneys' fees within fourteen days, corresponding to a deadline of Friday, September 7, 2007. Plaintiff filed her motion on that date, but did not file the accompanying Baum declaration until the next court day, September 10, 2007. Plaintiff attributes the delay to difficulties using the court's electronic filing system.

Defendants are correct in noting that the declaration should

2

have been filed with Plaintiff's motion on September 7, 2007. Nevertheless, Plaintiff's motion was filed by the deadline, and Defendants have not shown that they were prejudiced by the delay of one court day in filing the supporting declaration. Accordingly, the delay provides no basis for denying Plaintiff's motion.

II. Plaintiff's Request for Attorneys' Fees

ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The Ninth Circuit has held that "[t]his section should be read broadly to mean that a plan participant or beneficiary, if he prevails in his suit under § 1132 to enforce his rights under his plan, should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Smith v. CMTA-IAM Pension Trust, 746 F.2d 587, 589 (9th Cir. 1984) (internal quotation marks omitted). This is in line with ERISA's broad remedial purpose "to protect employee rights and to secure effective access to federal courts." Id.

In determining whether special circumstances exist warranting the denial of attorneys' fees, a court may consider: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 453 (9th Cir. 1980).

3

1  No one of these <u>Hummell</u> factors is decisive, and some may not be
2  pertinent in a given case.  <u>Carpenters S. Cal. Admin. Corp. v.</u>
3  <u>Russell</u>, 726 F.2d 1410, 1416 (9th Cir. 1984).  Rather, they reflect
4  a balancing, and not all must weigh in favor of a fee award.
5  <u>McElwaine v. U.S. West, Inc.</u>, 176 F.3d 1167, 1173 (9th Cir. 1999).
6       A consideration of the <u>Hummell</u> factors in this case reveals a
7  lack of special circumstances to warrant denying Plaintiff's
8  motion.  While the Court has not found that Defendants acted in bad
9  faith, bad faith is not required for an award of attorneys' fees.
10 <u>Smith</u>, 746 F.2d at 590.  And from a legal perspective, Defendants
11 are "culpable" in that they were found to owe Plaintiff a legal
12 duty that they were not fulfilling.
13      It is not disputed that Defendants have the ability to pay the
14 fees sought.  In addition, even though this lawsuit seeks primarily
15 to benefit Plaintiff, an award of attorneys' fees could serve to
16 deter other plan administrators from denying meritorious disability
17 claims.  This could indirectly benefit other individuals.
18      As for the relative merits of the parties' positions,
19 Plaintiff succeeded on her claim for benefits.  While it is true
20 that her claims for breach of fiduciary duty and statutory
21 penalties were dismissed along with her claims against CIGNA, this
22 does not constitute a basis for denying her motion.  <u>Smith</u> held
23 that attorneys' fees should not be denied "simply because the
24 plaintiff failed to prevail on every contention raised in the
25 lawsuit.  Litigants in good faith may raise alternative legal
26 grounds for a desired outcome, and the court's rejection of or
27 failure to reach certain grounds is not a sufficient reason for
28

4

reducing a fee. The result is what matters." 746 F.2d at 591 (quoting Hensley v. Eckerhart, 461 U.S. 424, 435 (1983)). Accordingly, the fifth Hummell factor also supports awarding Plaintiff attorneys' fees.

III. Amount of Recoverable Fees

In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. Jordan, 815 F.2d at 1262. However, the court may adjust the award from the lodestar figure upon consideration of additional factors that may bear upon reasonableness. Kerr v. Screen Guild Extras, Inc., 526 F.2d 67, 70 (9th Cir. 1975).

Determining a reasonable hourly rate is a critical inquiry. Jordan, 815 F.2d at 1262 (citing Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)). In establishing the reasonable hourly rate, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. See Cabrales v. County of Los Angeles, 864 F.2d 1454, 1464 (9th Cir. 1988). These factors are subsumed in the initial lodestar calculation, and should not serve as independent bases for adjusting fee awards. Morales, 96 F.3d at 363-64. The reasonable

5

rate inquiry should also be informed by reference to the prevailing market rates in the forum district. Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992).

The Supreme Court has recognized that, while it is appropriate for the district court to exercise its discretion in determining an award of attorneys' fees, it remains important for the court to provide "a concise but clear explanation of its reasons for the fee award." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983); Hall v. Bolger, 768 F.2d 1148, 1151 (9th Cir. 1985) (in computing an award, the district court should provide a "detailed account of how it arrives at appropriate figures for 'the number of hours reasonably expended' and 'a reasonable hourly rate'") (quoting Blum, 465 U.S. at 898).

A. Hourly Rate

Plaintiff's seeks an hourly rate of $450 for Mr. Baum, the lead attorney on her case, $425 for Robert C. Weems, his partner, and $400 for Thomas J. Fuchs, an associated attorney. Defendants do not argue that Mr. Baum's or Mr. Weems' rates are unreasonable, but they do argue that there is insufficient evidence to justify Mr. Fuchs' rate.

Mr. Baum's declaration details the three attorneys' professional backgrounds. According to the declaration, Mr. Baum has practiced law for approximately twenty years, working on a variety of complex cases. He also has significant experience litigating ERISA actions. His 2007 billing rate for ERISA matters

6

is $450 per hour.[2]  Mr. Weems graduated from law school in 1990 and also has extensive experience litigating complex lawsuits, including lawsuits involving disputes between policyholders and insurers.  His 2007 billing rate for ERISA matters is $425 per hour.  Mr. Fuchs graduated from law school in 1987 and served for seventeen years as a law clerk in the United States Bankruptcy Court.  Additionally, he has a doctorate in clinical psychology.  His 2007 billing rate for ERISA matters is $400 per hour.

Mr. Baum states in his declaration that he is familiar with the prevailing market rates for experienced ERISA attorneys in the Bay Area, and that the above rates are typical of the market.  This accords with rates found reasonable in other cases.  For instance, in a 2006 case, this Court found that Mr. Baum's and Mr. Weems' hourly rates of $415 and $400, respectively, were reasonable.  Order Denying Plaintiff's Application for an Order to Show Cause and Granting Motion for Award of Attorneys' Fees, dated June 30, 2006, King v. GE Fin. Assurance Co., No. C 05-3478.  Mr. Baum states that his firm's rates have increased since the King case.  In other ERISA cases, courts have found similar rates to be reasonable for attorneys with an amount of experience roughly equivalent to Mr. Baum's and Mr. Weems'.  See Farhat v. Hartford Life and Accident Ins. Co., 2006 WL 2521571, at *7 (N.D. Cal.)

---

[2] Some of the work billed by Mr. Baum's law firm was performed in 2006.  However, the Ninth Circuit has held that when an attorney's payment is delayed, the district court may compensate by applying the attorney's current rate to all hours billed.  Fischel v. Equitable Life Assurance Society of the U.S., 307 F.3d 997, 1010 (9th Cir. 2002).  Thus, the Court uses the attorneys' 2007 rates for all applicable calculations in this case.

7

(finding the rate of $435 reasonable for a law firm partner with significant ERISA experience and noting that "[t]he declarations and relevant case law establish a range for experienced partners from approximately $400/hour to $495/hour"); May v. Metropolitan Life Ins., 2005 WL 839291, at *3 (N.D. Cal.) (noting evidence that the prevailing rate for partner-level ERISA attorneys in the Bay Area is between $425 and $450 per hour); Fenberg v. Cowden, 2006 WL 83053, at *3-*4 (N.D. Cal.) (approving a rate of $400 per hour for an ERISA attorney who lived outside the Bay Area and had "significantly less" than twenty years of ERISA litigation experience).  Given Mr. Baum's and Mr. Weems' level of experience, their rates appear to be within the prevailing rate range.  Considering also that Defendants do not assert that these attorneys' rates are unreasonable or provide any evidence demonstrating as much, the Court finds the rates to be reasonable.

Defendants correctly note that there is less evidence supporting the reasonableness of Dr. Fuchs' rate of $400 per hour.  Mr. Baum's declaration states that Dr. Fuchs has twenty years of legal experience and possesses a doctorate in clinical psychology, but says nothing of his expertise in ERISA matters or in mediation, for which his services in this case were primarily used.  However, Plaintiff has provided information about the prevailing rates of other attorneys in the community, albeit attorneys with somewhat different professional backgrounds.  "[T]he Ninth Circuit has implied that defendants cannot simply disagree with this evidence, but should 'support their arguments with any affidavits or evidence of their own regarding legal rates in the community.'"  Farhat,

8

2006 WL 2521571 at *7 (quoting <u>United Steelworkers of Am. v. Phelps Dodge Corp.</u>, 896 F.2d 403, 407 (9th Cir. 1990)). Given the evidence presented, the Court concludes that Dr. Fuchs' hourly rate of $400 is reasonable.

  B. Number of Hours

  Defendants argue that Plaintiff's attorneys' fees should be reduced by $18,036.25 because an excessive number of hours were billed. Specifically, Defendants assert that: 1) the time spent researching discovery issues was unjustified; 2) they should not be held responsible for the time spent researching the issues underlying CIGNA's request for a voluntary dismissal; 3) Mr. Baum's review in preparation for the case management conference was redundant and unnecessary; 4) research related to Dr. Gerstenblitt was excessive and unnecessary; 5) Plaintiff cannot recover charges for the services of Mr. Baum's paralegal; and 6) it was unreasonable for two attorneys to attend the mediation on Plaintiff's behalf.

  The Court has reviewed the itemized charges submitted in connection with Plaintiff's motion, and concludes that the number of hours charged is reasonable except as noted below. A reduction of $5,956.25 from the amount of fees sought is appropriate, leading to a total award of $100,565, including $450 for Mr. Baum's time spent preparing Plaintiff's reply on this motion.[3] This amount is

---

[3] In her reply, Plaintiff seeks $1,350 for the three hours Mr. Baum spent drafting it. Because this request is not supported by a declaration, the Court will award Plaintiff only $450 for the time spent preparing the reply, representing one hour's worth of Mr. Baum's fees.

9

also consistent with awards of attorneys' fees in other ERISA cases.  See Baum Dec. Ex. C.

### 1. Research on discovery issues

Mr. Baum billed Plaintiff for 12.7 hours of legal research and analysis concerning discovery issues.  Defendants argue that because no discovery was involved in this case, these charges are unreasonable.

Plaintiff notes that on February 28, 2007, Mr. Baum spent 5.3 hours researching cases construing the Ninth Circuit's decision in Abatie v. Alta Health & Life Insurance Co., 458 F.3d 955 (9th Cir. 2006), which changed the law on the standard of review in ERISA cases.  Abatie's holdings also impacted the right of ERISA plaintiffs to obtain discovery.  See Shemano-Krupp v. Mutual of Omaha Ins. Co., 2006 WL 3365595, at *9 (N.D. Cal.); Toven v. Metro. Life Ins. Co., 2007 WL 2713579, at *1 (C.D. Cal.).  Given that Abatie was decided only recently, it was not unreasonable for Mr. Baum to spend 5.3 hours researching the case's effect on subsequent law, even considering his expertise on ERISA matters.  Nor was it unreasonable for him to spend 3.1 hours analyzing these issues on February 23, 2007 in preparation for the Court's case management conference.

Mr. Baum also spent 4.3 hours on April 13, 2007 researching other cases in which CIGNA had been required to produce discovery. Because this research pertained solely to CIGNA, which was dismissed from the action, Defendants should not be required to pay for it.  Accordingly, these 4.3 hours are deducted from the allowable time billed, and Plaintiff's award is reduced by $1,935.

10

### 2. Research on claims against CIGNA

Defendants object to paying for charges incurred in connection with the 6.7 hours Mr. Baum spent on March 15, 2007 researching the legal issues underlying CIGNA's request that Plaintiff voluntarily dismiss it from the action. As noted above, the Court granted CIGNA's motion for judgment, finding that because CIGNA did not issue Plaintiff's policy, administer Plaintiff's claim or participate in the denial of Plaintiff's benefits, it could not be held liable under ERISA. It would be unfair to charge Defendants for Plaintiff's research on CIGNA's liability, in that the subject matter of the research did not concern them, but rather another party that ultimately prevailed. Accordingly, Plaintiff's request for fees is further reduced by $3,015, corresponding to 6.7 hours of Mr. Baum's time.

### 3. Preparation for the case management conference

Defendants object to the two hours of time Mr. Baum spent reviewing the case file in preparation for the Court's case management conference. They assert that because Mr. Weems, not Mr. Baum, attended the conference, Mr. Baum's work was redundant and unnecessary. Mr. Baum represents that, after reviewing the file, he created a memo that Mr. Weems read before reviewing the file himself. The Court is not persuaded that this charge is unreasonable, and will allow Plaintiff to recover it.

### 4. Research on Dr. Gerstenblitt

Mr. Baum spent 8.5 hours searching medical databases and case law for information about the credentials, reputation and experience of Dr. Gerstenblitt, the physician on whose report

11

1   Defendants relied in denying Plaintiff's claim.  Defendants object
2   to the charge for this research, arguing that Plaintiff never
3   sought to introduce extrinsic evidence about Dr. Gerstenblitt.
4   This may be true, but the fact that Plaintiff was not able to
5   uncover evidence raising serious doubts about Dr. Gerstenblitt's
6   abilities does not mean that the search for such evidence was
7   unreasonable.  Defendants relied heavily on Dr. Gerstenblitt's
8   report in their decision to deny Plaintiff's benefits.  Plaintiff
9   was entitled to look into his professional background, and 8.5
10  hours is not an unreasonable amount of time to spend looking.

            5.   Paralegal charges

Defendants also object to Mr. Baum's charge for 8.05 hours of paralegal services at an hourly rate of $125.  In supporting the reasonableness of this charge, Plaintiff correctly points out that paralegal fees may be included in an award of attorneys' fees. However, the Ninth Circuit has held that:

> If the attorney's hourly rate already incorporates the
> cost of work performed by non-attorneys, then courts
> should not compensate for these costs as an additional
> reasonable attorney's fee.  The key . . . is the billing
> custom in the relevant market.  Thus, fees for work
> performed by non-attorneys such as paralegals may be
> billed separately, at market rates, if this is the
> prevailing practice in a given community.  Indeed, even
> purely clerical or secretarial work is compensable if it
> is customary to bill such work separately, though such
> tasks should not be billed at the paralegal rate,
> regardless of who performs them. . . . [T]he district
> court may properly insist that the [moving party] show
> that it is the custom in the relevant community to bill
> separately for work performed by the non-attorneys at
> issue . . . .

Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Redland, 460 F.3d 1253, 1257 (9th Cir. 2006) (internal quotation

marks and citations omitted).

Plaintiff has provided no evidence of the prevailing practice in the Bay Area legal community with respect to billing clients for paralegal services, nor has she provided information demonstrating that an hourly rate of $105 for paralegal services is reasonable. Even if she had, she still would not be able to recover this rate for purely clerical services performed by the paralegal. At least one charge seems to be based on no more than copying legal authorities for review by attorneys. Baum Dec. Ex. A at 7. For these reasons, the Court denies Plaintiff's request to recover fees for paralegal services, and her award is reduced by $1,006.25.

### 6. Mediation charges

At the Court-ordered mediation in this case, Plaintiff was represented by two attorneys: Mr. Baum and Dr. Fuchs. Defendants argue that it was unreasonable for Plaintiff to send two attorneys to the mediation, because Mr. Baum is highly skilled in ERISA matters and should have been able to handle Plaintiff's representation himself. However, "the participation of more than one attorney [at a mediation] does not necessarily constitute an unnecessary duplication of effort." Mardirossian v. Guardian Life Ins. Co. of Am., 457 F. Supp. 2d 1038, 1049-50 (C.D. Cal. 2006) (quoting Kim v. Fujikawa, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989)); see also Fleming v. Kemper Nat'l Servs., Inc., 373 F. Supp. 2d 1000, 1009 (N.D. Cal. 2005); Lopez v. S.F. Unified School Dist., 385 F. Supp. 2d 981, 993-94 (N.D. Cal. 2005).

The mediation in this case represented a significant opportunity to resolve the dispute at an early stage, and it was

13

not unreasonable for Plaintiff to enlist the services of two attorneys with different backgrounds and perspectives to attend it. Accordingly, the Court finds that Dr. Fuchs' fees are recoverable.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for attorneys' fees and awards her $100,565, to be paid forthwith, jointly and severally by Defendants.

IT IS SO ORDERED.

Dated: 12/13/07

CLAUDIA WILKEN
United States District Judge

14